**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NELSON CARRALERO ESCOBAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-02523-DB** |
| | § | |
| **TODD BLANCHE,** *U.S. Attorney General, et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER OF IMMEDIATE RELEASE**

On this day, the Court considered the above-captioned case. On October 14, 2026, Petitioner Nelson Carralero Escobar ("Petitioner") filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Indefinite Immigration Detention" ("Petition"). ECF No. 5. Petitioner is currently detained by United States Immigration and Customs Enforcement ("ICE") at the El Paso Processing Center in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his immediate release. *See id.* at 10–29. On October 19, 2026, Respondents filed a Response to the Petition. *See* ECF No. 7. On October 23, 2026, Respondents supplemental briefing pursuant to this Court's Order, ECF No. 9. *See* ECF No. 11.

Petitioner is a Cuban national who entered the United States in 1991 and was paroled into the United States on or about August 21, 1994. ECF No. 5 at 3; ECF No. 7 at 2. In 1996, Petitioner was convicted of drug trafficking and sentenced to five years in prison. ECF No. 5 at 4. On September 18, 1998, while Petitioner was serving his sentence, he was ordered removed by an immigration judge. ECF No. 5 at 4; ECF No. 7 at 2. Petitioner waived his right to appeal, so the order became administratively final that same day. ECF No. 5 at 4; ECF No. 7 at 2.

After Petitioner finished serving his prison sentence, he was placed into immigration custody from December 6, 2001, through April, 1, 2002, for a total of 116 days. *See* ECF No. 11 at 1. He was thereafter released on an order of supervision ("OSUP") because Cuba refused to repatriate him. *See* ECF No. 5 at 4. Before his most recent re-detention on July 23, 2026, Petitioner was re-detained by immigration officials on numerous occasions. *See* ECF No. 11 at 1 (explaining Petitioner was re-detained by immigration officials on four separate occasions). Since he was ordered removed in 1998, Petitioner has spent 233 days in immigration custody.

Construing the Petition liberally, Petitioner argues his detention violates his substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because, cumulatively, he has spent more than six months in immigration detention, and there is good reason to believe his removal is not significantly likely in the reasonably foreseeable future given he will not consent to removal to Mexico and because "[t]he Government has so far provided no evidence [demonstrating] Petitioner's removal to Cuba or any other country is any more likely now [than in] the past 28 years." ECF No. 5 at 5–6, 13. Petitioner also asserts that "ICE has still not informed [him] of what other third country they are trying to deport [him] to," or whether a travel document has been issued. *Id.* at 5.

In their Response, Respondents advise they have nominated Petitioner for removal to Cuba to the International Operations Division, Cuba ("IOD-Cuba"), but IOD-Cuba denied repatriation. ECF No. 7 at 3. As it pertains to third country removal, Respondents attempted to schedule Petitioner for a tentative CVNH mission for removal to Mexico, but Petitioner did not consent to removal to Mexico. *Id.* Petitioner also claimed a fear of third country removal and was referred to U.S Citizen and Immigration Services ("USCIS") for a third country removal

screening. *Id.* Respondents further acknowledge that "[t]o effectuate Petitioner's removal, ICE must acquire a travel document and schedule a flight for Petitioner." *Id.* However, to date, Respondents provide no evidence that a travel document has been procured or a flight scheduled for Petitioner. *See id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations because removal is not likely. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (ordering immediate release for Cuban national who refused consent to be removed to Mexico). As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). Based on Respondents' own assertions, removal to Mexico is not significantly likely. *See* ECF No. 7 at 3. Without any indication Petitioner will consent or that the Mexican government will accept Petitioner without it, there is no significant likelihood of removal in the reasonably foreseeable future.

Although Respondents indicate "efforts have been made and are continuing to be made" to effectuate Petitioner's removal, this Court cannot deem removal reasonably foreseeable so long as good faith efforts continue. ECF No. 7 at 3. Such a standard "would seem to require an alien seeking release to show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents have failed to rebut Petitioner's assertion

that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making continued detention unlawful.

## **CONCLUSION**

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Indefinite Immigration Detention," ECF No. 5, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **no later than October 28, 2026**, subject to the same conditions of supervision imposed prior to his most recent re-detention on July 23, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than October 30, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than November 6, 2026**.

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner at the address on file.

SIGNED this 26th day of October, 2026.

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**